LYMAN COUNTY, Appellant, v. JONES COUNTY et al, Respondents.

(178 N. W. 581.)

(File No. 4404.    Opinion filed July 15, 1920.    Rehearing denied August 25, 1920.)

1. **Counties—Division of Counties, Apportionment—Assets, To Whom Belonging in Absence of Statute.**

    Upon division of a county, it must be conceded that, unless there be a statute controlling apportionment of assets, they will become the property of the county wherein they were situate at time of division.

2. **Same—Liability, Assets, Apportionment Of, "Bonded Indebtedness" Whether Embracing Other Debts—Statute—Executive Accountant's Findings Approved.**

    Under Laws 1917, Ch. 175, providing that the apportionment of assets and liabilities shall be "as provided by law," and Laws 1909, Ch. 81, (Sec. 5772, Code 1919,) providing that the "bonded indebtedness" of the original county, shall be apportioned to each new division created ratably upon basis of the last equalized assessment previous to the division; held, that the act of 1917 in effect provides more than the mere procedure to be followed, since it imposes on the Executive Accountant to apportion the liabilities and assets" * * * in the manner now provided by law," thereby contemplating that not merely bonded indebtedness be apportioned, but all indebtedness howsoever evidenced, as also all assets; this notwithstanding no existing law provided the "manner" of apportioning anything but "bonded indebtedness;" so that the 1917 act would read as though there were added thereto the words "for the apportionment of bonded indebtedness." Findings of trial court, sustaining Executive Accountant's appointment, approved.

Appeal from Circuit Court, Lyman County. HON. FRANK B. SMITH, Acting Judge in place of HON. WILLIAM WILLIAMSON, Judge.

Action by Lyman County, a public corporation, against Jones County, a public corporation and J. E. Truran, as Executive Accountant of the state of South Dakota to set aside an apportionment by the Executive Accountant of assets and liabilities upon division of Lyman County. From a judgment for defendants, and from an order denying a new trial, plaintiff appeal. Affirmed.

Bartine & Bartine, and M. Q. Sharpe, for Appellant.

Sutherland & Payne, and H. L. Bode, for Respondent.

12—Vol. 43, S. D.

(1)   To point one of the opinion, Appellant cited: Lawrence County v. Meade County, 6 S. D. 528; 7 Ruling Case Law, page 929, 930, par. 9, and cases cited; Notes to Union Twp. v. Oakdale Twp., 39 L. R. A. (N. S.) 285; 15 Corpus Juris, p. 408, par. 34.

WHITING, J.   By vote duly taken Lyman county was divided. That portion of the old county wherein was situate the county seat of the old county retained the old name, while the new territory took the name "Jones county." The county commissioners of the two counties being unable to settle the question of the apportionment of the assets and liabilities of the old county, such matter was, under chapter 175, Laws 1917, referred for adjustment to the executive accountant, who made a report thereon. Such report and the apportionment therein made being unsatisfactory to Lyman county, such county brought this action to set aside such apportionment and for a new apportionment. The trial court apportioned the assets and liabilities in virtual accordance with the plan that had been followed by the executive accountant. From the judgment of such court and from an order denying a new trial, appeal has been taken to this court.

[1]   Appellant contends that said chapter 175, Laws 1917, merely provides the procedure to be followed in reaching an apportionment of the assets and liabilities, but does not prescribe the rule that shall govern such apportionment. It contends that, as directed by such act, the apportionment shall be "as provided by law," and that the only law which prescribes the rule that shall govern in apportioning assets and liabilities is that contained in chapter 81, Laws 1909. Under the apportionment made by the trial court, both assets and liabilities were apportioned between the two counties in the proportion that the relative assessed valuation of the territory contained in each of the new counties bore to that of the other county as shown by the assessment previous to the division. Appellant contends that the 1909 law does not support such an apportionment—that, while the liabilities should, under such law, be apportioned upon such basis, that such law does not prescribe that the assets shall be apportioned on such basis. It contends that the assets of the old county should pass to that new county in which the same are situate. It must be conceded that, unless there is some statute controll-

ing the apportionment of the assets such assets will become the property of the county wherein they were situate at the time of the division.

[2]   We find no statute, other than the two acts above referred to, that in any way relates to this matter.   Said chapter 81, Laws 1909, provides that—

The "bonded indebtedness of such original county shall be apportioned to each new division created ratably upon the basis of the last equalized assessment previous to the division thereof."

Inasmuch as there is no other statutory provision, it follows that, if it shall be held that the law of 1917 provides nothing more than the procedure to be followed, the trial court erred. The 1917 law imposes the duty upon the executive accountant "to apportion the liabilities and assets * * * in the manner now provided by law."   Certainly this law contemplates that not merely, "bonded indebtedness" be apportioned but that all indebtedness howsoever evidenced and all assets be apportioned.   Such Such was the clear intent of the Legislature.   There was, however, no existing law providing the "manner" of apportioning anything but "bonded indebtedness."   Should we not, realizing that it was the clear intent of the Legislature that all liabilities and all assets be apportioned, conclude that the "manner" they had in mind was that "manner" which was then prescribed by law for the apportionment of one certain class of liabilities, there being no "manner" prescribed for apportioning other liabilities and assets?   In other words, should we not construe these two statutes together, and in so doing read the above quotation from the 1917 law as though there were added thereto the words "for the apportionment of bonded indebtedness?"   In no other way can the will of the Legislature—that all liabilities as well as all assets be apportioned—be carried out.   We are convinced that the trial court did not err.

The judgment and order appealed from are affirmed.